UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| John Payne, | Civ. No. 15-0506 (PJS/BRT) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| City of White Bear Lake, Minnesota, | |
| Defendant. | |

BECKY R. THORSON, United States Magistrate Judge.

John Payne, a Minnesota resident proceeding *pro se*, has filed a civil complaint alleging that the City of White Bear Lake, Minnesota, has miscalculated or otherwise violated the proper scope of its easement on his property, and asking the Court to resolve this dispute. (Doc. No. 1.) Payne did not pay the filing fee for this action, but instead has filed an application to proceed *in forma pauperis* ("IFP"). (Doc. No. 2.) After reviewing the complaint under 28 U.S.C. § 1915(e)(2), which requires dismissal if the action is frivolous, malicious, or fails to state a claim on which relief may be granted, this Court concludes that it lacks subject-matter jurisdiction over Payne's action.

Federal courts have an obligation to *sua sponte* consider subject-matter jurisdiction whenever it appears to be lacking. *See Hart v. United States*, 630 F.3d 1085, 1089 (8th Cir. 2011). Payne alleges this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, which vests federal district courts with jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." (*See* Doc.

No. 1 at 3.) Under the well-pleaded complaint rule, "a suit 'arises under' federal law only when the plaintiff's statement of his own cause of action shows that it is based upon federal law." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (quotation omitted). In other words, federal question jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Here, no federal question appears on the face of Payne's complaint. Payne does not cite any federal law, treaty, or constitutional provision, and his complaint raises an issue about the scope of an easement on private property, a matter almost exclusively within the province of state law. Nor can this Court exercise diversity jurisdiction in this case, as both parties are citizens of Minnesota and there is no indication that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a) (vesting jurisdiction over civil actions between "citizens of different States" where the amount in controversy exceeds $75,000); *Illinois v. City of Milwaukee, Wis.*, 406 U.S. 91, 97 (1972) ("It is well settled that for the purposes of diversity of citizenship, political subdivisions are citizens of their respective States.") Accordingly, this Court lacks subject-matter jurisdiction over this property dispute and, as such, it recommends that this action be dismissed without prejudice. *See Hernandez v. Conriv Realty Assocs.*, 182 F.3d 121, 123 (2d Cir. 1999) ("[W]here a court lacks subject matter jurisdiction, it also lacks the power to dismiss with prejudice.").

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. This action be **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction**.**

2. Payne's application to proceed *in forma pauperis* (Doc. No. 2) be **DENIED.**

Date: February 27, 2015

*s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge

## NOTICE

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **March 13, 2015**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within fourteen days after service thereof.  All briefs filed under this rule shall be limited to 3500 words. A district judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Eighth Circuit Court of Appeals.